UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIE UNDERWOOD, III,

                Plaintiff,

v.

                Case # 15-CV-684-FPG

                DECISION AND ORDER

ROSWELL PARK CANCER INSTITUTE
and JAMES MOHLER,

                Defendants.
_____

## INTRODUCTION

Plaintiff Willie Underwood, III, M.D. ("Plaintiff") brings this action to remedy alleged racial discrimination and retaliation by his employer, Roswell Park Cancer Institute ("Roswell Park"), and his supervisor, James Mohler, M.D. ("Dr. Mohler"). Presently before the Court is Plaintiff's motion for leave to file a Second Amended Complaint pursuant to Rule 15(a)(2). ECF No. 39. Plaintiff also asks for partial reconsideration of this Court's previous decision, *see* ECF No. 26, which dismissed certain claims from Plaintiff's First Amended Complaint. The Court assumes the parties' familiarity with that decision and with the basic facts of this case. For the reasons stated below, Plaintiff's motion for leave to amend is granted and Plaintiff's motion for reconsideration is denied as moot.

## DISCUSSION

### I. Background and Procedural History

Plaintiff originally commenced this action on July 28, 2015 with a complaint drafted by attorney Catherine Creighton. ECF No. 1. Roswell Park and Dr. Mohler each filed motions to dismiss. ECF Nos. 7, 8.

On November 18, 2015, Plaintiff—this time through attorney Paul Boylan, Esq.—filed an amended complaint as of right under Rule 15(a)(1)(B). ECF No. 10. Again, on January 8, 2016, Roswell Park and Dr. Mohler each filed motions to dismiss. ECF Nos. 15, 16. This time, Plaintiff responded to the motions to dismiss. ECF Nos. 22, 23. Roswell Park and Dr. Mohler each filed reply briefs. ECF Nos. 24, 25.

In his responses to the motions to dismiss, Plaintiff appeared to concede that some of his claims were not viable while also hinting at a "Second Amended Complaint" that did not exist. For example, in response to Dr. Mohler's argument that individuals are not liable under Title VII, Plaintiff stated that he "does not seek to hold Mohler personally or individually liable . . . Plaintiff's proposed Second Amended Complaint resolves this issue." ECF No. 22, at 2. With respect to the § 1983 claim against Dr. Mohler in his official capacity, Plaintiff conceded that "the official capacity claims against Defendant Mohler are unnecessary. Plaintiff, with this Court's permission, will file a Second Amended Complaint to reflect such changes." *Id.* at 18. Defendants also argued that under the Supreme Court's decision in *Jett v. Dallas Independent School District*, 491 U.S. 701, 735 (1989), Plaintiff was barred from asserting an independent claim for relief under § 1981 because Roswell Park is a state actor. Plaintiff first responded by noting that it was unclear whether *Jett* had been statutorily overruled, but then stated that "out of an abundance of caution and with the permission of this Court, Plaintiff will address this issue in his proposed Second Amended Complaint by re-pleading the Section 1981 claims against Defendant Mohler, consistent with the holding in *Jett*, through Section 1983." *Id.* at 20. Finally, with respect to Defendants' arguments that the Health Care Quality Improvement Act ("HCQIA") does not provide a private right of action and that claims against Does 1-50 should be dismissed, Plaintiff merely stated that "Plaintiff's proposed Second Amended Complaint

makes the above point moot." *Id.* at 29. Plaintiff made similar statements in his response to Roswell Park's motion to dismiss. *See* ECF No. 23.

On January 13, 2017, this Court issued a Decision and Order granting in part and denying in part Defendants' motions to dismiss. ECF No. 26. Due to the fact that Plaintiff had not filed a Second Amended Complaint or moved for leave to amend his First Amended Complaint, the Court interpreted Plaintiff's statements as an indication that he had withdrawn some of his claims. For example, the Court dismissed Plaintiff's § 1981 claim because "Dr. Underwood no longer wishes to pursue an independent claim for relief under § 1981." *Id.* at 29. Similarly, the Court dismissed Plaintiff's claim for punitive damages against Roswell Park because "Dr. Underwood does not contest that Roswell Park should be treated as a municipality." *Id.* at 40. The Court also dismissed the breach of contract claim in Plaintiff's First Amended Complaint because that claim was based on Roswell Park's bylaws and hospital bylaws generally do not give rise to contractual obligations under New York law. *Id.* at 38-39.

On February 10, 2017, attorney Jeanne Christensen of Wigdor LLP filed a notice of appearance on behalf of Plaintiff. ECF No. 34. On March 3, 2017, Plaintiff filed a motion for leave to file a Second Amended Complaint and for partial reconsideration of this Court's Decision and Order. ECF No. 39. Roswell Park and Dr. Mohler each filed briefs in opposition to Plaintiff's motion. *See* ECF Nos. 46, 47.

**II. Proposed Second Amended Complaint**

Plaintiff's proposed Second Amended Complaint is more concise and organized than his First Amended Complaint. In the Second Amended Complaint, Plaintiff no longer includes frivolous claims against Dr. Mohler in his official capacity, claims under the HCQIA, or claims against "Does 1-50." *See* ECF No. 41-1.

The Second Amended Complaint also attempts to cure certain deficiencies in the First Amended Complaint. For example, instead of asserting a breach of contract claim premised on Roswell Park bylaws, Plaintiff asserts a breach of contract claim based on the actual employment contracts that Plaintiff signed in 2008, 2011, and 2012. *See* ECF No. 41-1, at 60-61. Plaintiff attached these contracts to the Second Amended Complaint. *See* ECF No. 41-1, Exs. A, B, C.

In the Second Amended Complaint, Plaintiff also re-asserts claims under § 1981 and again seeks punitive damages. *See* ECF No. 41-1. However, unlike in his First Amended Complaint, Plaintiff now argues that Roswell Park is *not* a state actor. Plaintiff includes detailed factual allegations to support his position that Roswell Park should be considered a private entity for the purposes of liability under § 1981 and immunity from punitive damages. *Id.* at ¶¶ 27-39.

Finally, Plaintiff's Second Amended Complaint includes a separate aiding and abetting claim under the New York State Human Rights Law ("NYSHRL") against Dr. Mohler. *Id.* at 54.

### III. Motion for Leave to Amend

Under Rule 15(a)(1), a party may amend its pleading once as a matter of course under certain circumstances. In all other situations, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. *The court should freely give leave when justice so requires.*" (emphasis added).

"Although the decision whether to grant leave to amend is within the discretion of the district court, refusal to grant leave must be based on a valid ground." *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990). In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Supreme Court explained:

> Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded. *See generally*, 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an

4

opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Id.*

"When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Ronzani*, 899 F.2d 198 (internal quotations omitted); *see also Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007); *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) (noting that "this circuit strongly favors liberal grant of an opportunity to replead after dismissal of a complaint under Rule 12(b)(6)").

Here, Defendants each assert various arguments in opposition to Plaintiff's Second Amended Complaint. ECF Nos. 46, 47. However, in light of the *Foman* factors, Defendants' arguments are ultimately unpersuasive and are not sufficient to overcome Rule 15(a)(2)'s directive to "freely give leave when justice so requires."

### A. Undue Delay

Plaintiff's First Amended Complaint was filed on November 18, 2015 and Defendants moved to dismiss on January 8, 2016. Plaintiff moved to amend on March 3, 2017. On one hand, this timeline could suggest that Plaintiff delayed filing his motion to amend for over a year.

On the other hand, the Court is mindful of the fact that Plaintiff made the choice to oppose the motions to dismiss rather than amend his complaint. After the motions were fully briefed, the Court issued its Decision and Order on January 13, 2017 and Plaintiff moved to amend less than two months later.[1] Although Plaintiff did make some confusing statements regarding a non-existent "Second Amended Complaint" when responding to Defendants'

---

[1] On February 6, 2017, Plaintiff asked for an extension of time to file his motion to amend. ECF No. 33. The Court granted that request. ECF No. 36.

motions, he also successfully argued that most of the allegations in the First Amended Complaint were sufficient to state a claim for relief. *See* ECF No. 26.

Given this context, and the fact that plaintiffs are generally entitled to amend their complaint even after a motion to dismiss is granted, *Ronzani*, 899 F.2d 198 ("When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint."), the delay here was minimal. Courts in this Circuit routinely allow plaintiffs to amend their complaint after much longer delays. *See, e.g., Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 (2d Cir. 1987) (collecting cases where leave to amend was granted after delays ranging from two to five years). Because there has been no undue delay, this factor weighs in favor of granting Plaintiff's motion for leave to amend.[2]

### B. Bad Faith or Dilatory Motive

Defendants argue that the motion to amend should be denied because Plaintiff is acting in bad faith. However, Defendants offer mostly conclusory assertions of bad faith rather than persuasive evidence. At most, this factor is neutral.

For example, Defendants argue that Plaintiff is attempting to "evade" this Court's rulings by waiting for a decision on the motions to dismiss before seeking leave to file a Second Amended Complaint. But it is hard to tell the difference between a legitimate strategic choice and bad faith conduct, and courts generally reject conclusory allegations of bad faith when evaluating a motion to amend. *See Agerbrink*, 155 F. Supp. 3d at 453 (collecting cases); *Primetime 24 Joint Venture v. DirecTV, Inc.*, No. 99 Civ. 3307, 2000 WL 426396, at *5

---

[2] Furthermore, although delay is a factor under *Foman*, the Second Circuit has held that "mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)); *see also Parker v. Columbia Pictures Industries*, 204 F.3d 326, 339 (2d Cir. 2000) ("[W]e have held repeatedly that 'mere delay' is not, of itself, sufficient to justify denial of a Rule 15(a) motion.").

(S.D.N.Y. April 20, 2000) ("[W]hen the opponent of an amendment asserts that the movant is acting in bad faith, there must be something more than mere delay or inadvertence for the court to refuse to allow the amendment.").

Defendants point to Plaintiff's changes in legal position as evidence of bad faith. Although "the court is free to conclude that ignorance of the law is an unsatisfactory excuse" in the context of a motion to amend, *see Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990), it is also important to remember that plaintiffs are generally entitled to amend their complaint even after a motion to dismiss is granted. *Ronzani*, 899 F.2d 198.

Defendants also point out that Plaintiff was in possession of necessary facts (namely, the existence of signed employment contracts between Dr. Underwood and Roswell Park) well before Plaintiff moved to amend. But the fact that Plaintiff had knowledge of the facts in his Second Amended Complaint at an earlier time is not enough to show that he acted in bad faith. *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (citing cases where parties "have been permitted to amend their pleadings to assert new claims long after they acquired the facts necessary to support those claims"); *Randolph Foundation v. Duncan*, No. 00 Civ. 1172, 2002 WL 32862, at *3 (S.D.N.Y. Jan. 11, 2002) ("[T]he fact that a party may have had evidence to support a proposed amendment earlier in the litigation does not, by itself, give rise to an inference of bad faith."); *Affiliated FM Insurance Co. v. Liberty Mechanical Contractors, Inc.*, No. 12-cv-5160, 2013 WL 4526246, at *5 (S.D.N.Y. Aug. 27, 2013) (allowing amendment after nine months despite movant's knowledge of relevant information at time of initial pleading because party "need not prove that they uncovered new facts or law" to receive leave to amend); *Dilworth v. Goldberg*, 914 F. Supp. 2d 433, 460 (S.D.N.Y. 2012) ("[T]he

motion to amend will not be denied by reason of plaintiffs' delay in alleging facts that were previously within their knowledge.").

### C. Repeated Failure to Cure Deficiencies By Amendments Previously Allowed

Roswell Park argues that "leave is not granted freely to file a second amended pleading." ECF No. 46, at 10. But that is false. *See, e.g.*, *Hirsch v. 725 Assocs.*, No. 10-cv-9499, 2014 WL 3950791, at *2 (S.D.N.Y. Aug. 13, 2014) (permitting the filing of a third amended complaint while citing F.R.C.P. 15(a)(2) for the proposition that "leave to amend should be freely given when justice so requires"); *Laboy v. Bd. of Trustees of Bldg. Serv. 32 BJ SRSP*, No. 11-cv-5127, 2012 WL 701397, at *3 (S.D.N.Y. Mar. 6, 2012) (same).

In *Foman*, the Supreme Court identified "repeated failure to cure deficiencies by amendments previously allowed" as a factor to be considered under Rule 15(a)(2). *Foman*, 371 U.S. at 182. Here, Plaintiff has only amended his complaint once so far, as of right, and is now seeking court authorization for the first time to further amend the complaint. To the extent that Plaintiff's First Amended Complaint failed to cure deficiencies in his original complaint, it cannot be said that such failure has been "repeated." Thus, this factor weighs in favor of granting Plaintiff leave to amend.

### D. Undue Prejudice to Opposing Parties

"Although prejudice to the opposing party has been described as the most important reason for denying a motion to amend, only *undue* prejudice warrants denial of leave to amend." *Agerbrink*, 155 F. Supp. 3d at 454 (emphasis in original) (internal quotations omitted). In deciding whether such prejudice exists, courts evaluate whether the amendment would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (ii) prevent the plaintiff from

bringing a timely action in another jurisdiction. *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

Here, consideration of the *Block* factors suggests that there would be no undue prejudice in this case. Because Plaintiff moved to amend less than two months after this Court decided Defendants' motions to dismiss, there has been no discovery yet and the case has not even been referred to a magistrate judge. Defendants do not argue that the new complaint would in any way delay resolution of the case; rather, the prejudice they point to consists of the time and resources *already spent* in responding to Plaintiff's first two complaints. Courts generally find that an opposing party would be prejudiced *going forward* by an amendment that comes on the eve of trial, after discovery has closed, or after a motion for summary judgment has been filed. *See, e.g., Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir.2008) ("Undue prejudice arises when an amendment comes on the eve of trial and would result in new problems of proof."); *Grochowski v. Phoenix Construction*, 318 F.3d 80, 86 (2d Cir.2003) (upholding denial of leave to amend sought after discovery had closed and while summary judgment motion was pending).

Indeed, the procedural posture of cases in which leave to amend was denied suggest far greater prejudice than the prejudice Defendants would face here. *See, e.g.*, *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 201 (2d Cir. 2007) (more than two months after discovery was completed); *Arrowood Indem. Co. v. King*, 699 F.3d 735, 742–43 (2d Cir. 2012) ("Either by strategy or happenstance, Appellants did not act until after the summary judgment motions had been decided adversely to them. Then, with the legal mine field mapped in the district court's decision, Appellants sought leave to steer a new course hoping to snatch away the victors' success."); *State Trading Corp. of India v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) ("Here, STC waited until judgment was entered dismissing its complaint before

9

seeking leave to amend. When the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactly."); *Bay Harbour Mgmt., LLC v. Carothers*, 474 F. Supp. 2d 501, 503 (S.D.N.Y. 2007) ("[Defendants'] motion to dismiss the amended complaint had been fully briefed and defense counsel had prepared for oral argument. Yet, just four business days before the motions were to be argued, Bay Harbour asked for permission to proceed on a different complaint. It would not be fair to require defendants to start all over with a new complaint containing new allegations."); *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir.1985) (affirming denial of leave to amend because defendants would be prejudiced by forcing to "proceed to trial, post-discovery, on a new complaint").

Given the procedural posture of this case, any prejudice to Defendants would be minimal. Therefore, this factor weighs in favor of granting Plaintiff's motion for leave to amend.

### E. Futility of Amendment

Roswell Park and Dr. Mohler each argue that certain aspects of Plaintiff's Second Amended Complaint could not survive a motion to dismiss. However, these arguments are unpersuasive.

Roswell Park first argues that "the law of the case doctrine and judicial estoppel preclude Plaintiff from relitigating issues already decided in this case." ECF No. 46, at 13-15. But these doctrines are inapplicable here. In *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 131 (2d Cir. 1997), the Second Circuit explained:

> The doctrine of "law of the case" instructs that "'if a court decides a rule of law, that decision should continue to govern in subsequent stages of the same case.'" *Sagendorf–Teal v. County of Rensselaer,* 100 F.3d 270, 277 (2d Cir.1996) (citing *DiLaura v. Power Authority of State of New York,* 982 F.2d 73, 76 (2d Cir.1992)). However, the doctrine "is, at best, a discretionary doctrine, which does not constitute a limitation on the court's power but merely expresses the general

practice of refusing to reopen what has been decided." *United States v. Martinez,* 987 F.2d 920, 923 (2d Cir.1993) (citations and internal quotations omitted). For instance, a court may properly reconsider a prior statement of law when new evidence indicates that its prior view was unsound. See *Sagendorf–Teal,* 100 F.3d at 277.

*Id.* Here, by allowing Plaintiff to amend his complaint, the Court would not be reversing itself on any issue of law. In the Court's Decision and Order, the Court simply held that certain allegations in the First Amended Complaint were not sufficient to state a claim for relief—it did not make any findings of fact, make any definitive legal determinations regarding the status of the parties, or dismiss any claims with prejudice. *See* ECF No. 26. Roswell Park does not point to any cases where a court applied the law of the case doctrine in the context of an amended complaint. Similarly, the doctrine of "judicial estoppel" applies only in situations where a party both takes a position that is inconsistent with one taken in a prior proceeding, and has had that earlier position adopted by the tribunal to which it was advanced. *See Rodal v. Anesthesia Group of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir. 2004); *Stichting Ter Behartiging Van de Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber*, 407 F.3d 34, 45 (2d Cir. 2005). In short, the doctrines of "law of the case" and "judicial estoppel" do not apply here.

Roswell Park also argues that amendment would be futile with respect to Plaintiff's claim for punitive damages in his Second Amended Complaint. ECF No. 46, at 16-20. Specifically, Roswell Park argues that Plaintiff's claim for punitive damages fails because (1) the allegations in the Second Amended Complaint are conclusory and (2) Roswell Park is a state actor, and therefore not subject to punitive damages. *Id.* Both arguments are unpersuasive. First, Plaintiff's Second Amended Complaint contains detailed factual allegations regarding the alleged hostile work environment Dr. Underwood was subjected to, and given the serious and

racial nature of these allegations, punitive damages may be warranted. Second, Plaintiff's Second Amended Complaint also includes detailed allegations regarding Roswell Park's operation and whether it is immune from punitive damages. Given the parties' submissions to date, it appears that determining whether Roswell Park is a state actor for the purpose of punitive damages will be a fact-intensive inquiry. Therefore, if necessary, the Court will decide that issue at a later stage in the litigation with the benefit of a fully developed record.

Lastly, Roswell Park argues that Plaintiff's new breach of contract claim is barred by the statute of limitations. Under New York law, the six-year limitations period on claims for breach of contract generally runs from the time the contract was breached. *Lehman XS Trust, Series 2006-4N, ex rel. U.S. Bank Nat. Ass'n v. Greenpoint Mortg. Funding, Inc.*, 643 F. App'x 14, 16 (2d Cir. 2016) (citing N.Y. C.P.L.R. 203(a), 213(2) and *Ely–Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402 (1993)). The Court agrees with Roswell Park that the breach of contract claim in Plaintiff's Second Amended Complaint is new and therefore should not "relate back" to the date this action was commenced or to the date the First Amended Complaint was filed. *See* Fed. R. Civ. P. 15(c) (stating that an amendment relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading"); *see also Hespe v. Corning Glass Works*, 17 F. Supp. 911, 912 (W.D.N.Y. 1937) ("While the proposed amendment may relate to the same sales on account of which recovery is sought in the original complaint, it is based upon an alleged agreement other than that set forth in the original complaint."). However, because Plaintiff describes alleged breaches of his employment

agreements that occurred as recently as 2015,[3] he still states a claim for breach of contract against Roswell Park and amendment would not be futile on that basis.

Dr. Mohler also argues that granting leave to amend would be futile. ECF No. 47-1, at 11-14. Dr. Mohler points to the statute of limitations under the NYSHRL, arguing that Plaintiff's proposed aiding and abetting cause of action against Dr. Mohler is "untimely to the extent it is based upon any purported acts that took place before July 28, 2012." *Id.* at 11. Dr. Mohler also points to certain "new" factual allegations in the Second Amended Complaint, arguing that the statute of limitations bars claims based on these allegations. But again, even assuming Dr. Mohler's calculation regarding the statute of limitations is correct, Plaintiff's Second Amended Complaint includes allegations inside the limitations period. This is therefore not a reason that amendment would be futile. Also, as the Court noted in its Decision and Order, Plaintiff may rely on events outside the statute of limitations period as "background evidence in support of a timely claim." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Because amendment would not be futile, this factor supports granting Plaintiff's motion for leave to amend.

In sum, the *Foman* factors support granting leave to amend in this case. In accordance with those factors, as well as Rule 15(a)(2)'s directive to "freely give leave when justice so requires," Plaintiff's motion for leave to file a Second Amended Complaint is granted.

**IV. Motion for Reconsideration**

As part of his motion to amend, Plaintiff asks for reconsideration of certain parts of this Court's previous Decision and Order. *See* ECF No. 40, at 8-15. Specifically, Plaintiff requests that the Court reconsider the following: (1) dismissal of Plaintiff's claims under § 1981, (2)

---

[3] For example, when Dr. Underwood returned from his involuntary leave of absence, Dr. Mohler allegedly limited him to "supervised privileges" without good cause.

whether Roswell Park is an "arm of the state" for the purpose of immunity from punitive damages, (3) the statute of limitations period for Plaintiff's claims under the NYSHRL, and (4) dismissal of Plaintiff's breach of contract claim. *Id.*

Plaintiff's motion for reconsideration is denied as moot because "[i]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *Laza v. Reish*, 84 F.3d 578, 581 (2d Cir. 1996); *Harris v. City of New York*, 186 F.3d 243, 249 (2d Cir. 1999). The Court's prior Decision and Order merely analyzed the sufficiency of the First Amended Complaint; because the Court grants Plaintiff's motion for leave to file a Second Amended Complaint, the First Amended Complaint is rendered inoperative.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for leave to amend is GRANTED; Plaintiff's motion for reconsideration is DENIED AS MOOT. Plaintiff shall file his Second Amended Complaint on or before May 5, 2017.

IT IS SO ORDERED.

Dated: May 2, 2017
      Rochester, New York

                                              HON. FRANK P. GERACI, JR.
                                              Chief Judge
                                              United States District Court